**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

OPERATING ENGINEERS LOCAL 66, AFL-CIO      )
AND CONSTRUCTION INDUSTRY COMBINED         )
FUNDS, INC., as agent for the Board of Trustees )
of Operating Engineers Local 66 Annuity and    )          Civil Action No.
Savings Fund, Operating Engineers Construction  )
Industry and Miscellaneous Pension Fund,        )
International Union of Operating Engineers,      )
Operating Engineers Local 66 Welfare Fund and   )
Operating Engineers Local 66 Dues Deduction     )
Fund and other related Funds,                   )          **JURY TRIAL DEMANDED**
                                                )
                    Plaintiff,                  )
                                                )
            v.                                  )
                                                )
R&B CONTRACTING & EXCAVATING, INC. a/k/a )
R&B CONTRACTING & EXCAVATION, INC.,      )
WILLIAM J. ROGERS, RICHARD F. ROSCOE, JR.)
And RHONDA ROSCOE a/k/a RHONDA STILES,   )
                                                )
                    Defendants.                 )

## COMPLAINT

## COUNT I

### Operating Engineers Local 66, AFL-CIO and Construction Industry Combined Funds, Inc. v. R&B Contracting & Excavating, Inc. a/k/a R&B Contracting & Excavation, Inc.

1.      The Plaintiff is the Operating Engineers Local 66 AFL-CIO and

Construction Industry Combined Funds, Inc., as agent for and on behalf of Board of Trustees of

Operating Engineers Local 66 Annuity and Savings Fund, Operating Engineers Construction

Industry and Miscellaneous Pension Fund, Operating Engineers Local 66 Benefit Fund,

Operating Engineers Local 66 Welfare Fund and Western Pennsylvania Operating Engineers

Joint Apprenticeship and Training Program (collectively "**Funds**").  The Funds conduct the

business of the Funds at P.O. Box 38682, Pittsburgh, Allegheny County, Pennsylvania 15238-

8682.

2.      Jurisdiction of this action arises under §502 and §515 of the Employee

Retirement Income Security Act of 1974, as amended ("**ERISA**"), 29 U.S.C. §1132 and §1145,

§404(b) 29 U.S.C. §1104, §406 29 U.S.C. §1106, §409 29 U.S.C. §1109, and also under §301 of the Labor-Management Relations Act of 1947 ("**LMRA**"), 29 U.S.C. §185, in that R&B Contracting & Excavating, Inc. a/k/a R&B Contracting & Excavation, Inc. ("**Defendant Contractor**") has failed to submit fringe benefit contributions and wage deductions to Plaintiff in violation of a certain Collective Bargaining Agreement or other written agreement ("**Agreement**") entered into with Operating Engineers Local 66 AFL-CIO ("**Union**") or the Funds.

3.      The Funds are employee benefit plans within the meaning of the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. §1002 (1), (2), (3), (21), §1009(C) (1), (B) and §1132, and bring this action in behalf of the trustees, participants and beneficiaries of such Funds.

4.      The trustees of such Funds, which are employee fringe benefit plans established and maintained within the meaning of ERISA, have designated the Operating Engineers Local 66 AFL-CIO and Construction Industry Combined Funds, Inc. as their agent for the collection of contributions and wage deductions payable to such Funds.

5.      Defendant R&B Contracting & Excavating, Inc. a/k/a R&B Contracting & Excavation, Inc. is engaged in the business of operating a construction company, with its principal place of business at 4821 Buttermilk Hollow Road, West Mifflin, PA  15122.

6.      Defendant Contractor is a party to a labor agreement with the Union ("**Agreement**") that remained in effect at all times relevant hereto.

7.      Under the terms of such Agreement, Defendant Contractor was required to pay to the Funds certain sums of money for such Defendant's employees who performed covered work during the period of July and August 2017, with payments to be made by the 30th day of each month, covering the amounts due for the preceding month's operations, and to

LIT:630342-1 017020-179649

furnish monthly reports showing the hours worked and the gross wages paid with respect to which the amounts due are calculated.

8.      Plaintiff Funds have a Consent Judgment in the amount of $725,480.55 pending against Contractor that remains unsatisfied at Docket No. 17-631 in the United States District Court for the Western District of Pennsylvania.

9.      Plaintiff Funds aver that Defendant Contractor has failed to make payment of amounts payable to the Plaintiff Funds for covered work performed by such Defendant's employees during the effective dates of its Agreement.

10.      In violation of such Agreement, Defendant Contractor has also failed to make timely payments of principal contributions and wage deductions to Plaintiff for July and August 2017, which has resulted in a principal deficiency of $24,689.05.  Employer is obligated to submit to the Funds its September 2017 reports with payments by October 30, 2017 and all future reports with payment by the 30th of the month following the month in which the work is performed.  Plaintiff Funds estimate that each such monthly report will total at least $50,000.00. In addition, interest through October 16, 2017 of $1,925.66 is due and liquidated damages of $200.00 are due to Plaintiff, for a total deficiency of $26,814.71.  Interest will continue to accrue after October 16, 2017 at the rate of $8.12 per day.

11.      Plaintiff Funds also claim any additional amounts which may be shown to be due as a result of any audits performed by Plaintiff Funds or remittance reports submitted by Defendant Contractor to the Plaintiff Funds until the termination of this case.  If it is determined that employer owes additional principal amounts to the Funds, interest will be assessed on such principal amounts at one (1%) percent per month and liquidated damages of five (5%) percent of the amount due, but not less than fifty dollars ($50.00) or more than five hundred dollars ($500.00) per instance.  In the alternative, Plaintiff reserves the right to assert a claim for such additional amounts due either in this or a separate legal action.

- 3 -

12.     Pursuant to ERISA, Defendant Contractor is also obligated to the Funds for its reasonable attorneys' fees equal to twenty percent (20%) of the total delinquency.  Such fees and expenses total $5,362.94 through October 16, 2017.  Plaintiff also claims attorneys' fees on any additional amounts shown to be due to the Funds until termination of this case.

13.     Such Funds are without an adequate remedy at law, and the Funds will suffer immediate, continuing and irreparable injury, loss and damage unless Defendant Contractor is ordered to specifically perform in accordance with the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. §1001-1381, and such Defendant's Agreement, and is restrained from continuing to refuse to perform as thereunder required.

14.     Pursuant to the aforesaid Agreement and the provisions of ERISA, Plaintiff has the right to examine and audit Defendant Contractor's books and payroll records to determine whether or not Defendant Contractor has made proper deductions, contributions, payments and remittances for all employees covered by said Agreement.

WHEREFORE, such Plaintiff Funds demand the following relief:

a.     The issuance of a permanent injunction upon hearing of this case, enjoining the Defendant Contractor from violating the terms of its collective bargaining agreement and the Funds' trust agreements; and

b.     A money judgment in favor of the Funds and against the Defendant Contractor in the amount of $26,814.71, plus attorneys' fees of $5,362.94 plus such additional amounts shown to be owed to Plaintiff until termination of this case, plus additional interest at one (1%) percent per month, plus liquidated damages, attorneys' fees of twenty (20%) percent of total amount due, and costs of suit; and

c.     For the Defendant Contractor to be required, in compliance with the terms of its Agreement, to present for inspection and/or copying all records pertaining to the hours worked by the Defendant Contractor's employees necessary to verify the accuracy of the

- 4 -

amounts paid and/or due and owing to the Funds since the last audit conducted by the Funds; and

       d.     For the Defendant Contractor to be required to file monthly Remittance Reports covering its operations during the effective dates of its Agreement and through the pendency of this action; and

       e.     For a money judgment in favor of the Funds and against the Defendant Contractor for additional amounts determined to be due and owing upon such Defendant's submission of its monthly reports and upon such Defendant permitting an audit of its records by the Funds, as required by such Defendant's Agreement; and

       f.     Audit costs, court filing fees and litigation costs, and other costs and disbursements in this action; and

       g.     Reasonable attorneys' fees for further litigation preparation; and

       h.     Additional interest at the rate of one (1%) percent per month on the above principal amounts from the dates it became due and owing; and

       i.     For payment in full of any additional amounts that may become due during the pendency of these proceedings; and

       j.     That the Court retain jurisdiction of this case pending compliance with its orders; and

       k.     For such other and further relief as the Court may deem just.

## COUNT II

### Operating Engineers Local 66, AFL-CIO and Construction Industry Combined Funds, Inc. v. William J. Rogers, Richard F. Roscoe, Jr. and Rhonda Roscoe a/k/a Rhonda Stiles

### ERISA Breach of Fiduciary Duty Action

       15.     The averments contained in paragraphs 1 through 14 are hereby incorporated by reference herein.

- 5 -

16.     At all times material hereto, individual defendant, William J. Rogers served as the President, Richard F. Roscoe, Jr. served as a principal in charge of field operations and Rhonda Roscoe a/k/a Rhonda Stiles served as the Vice President of Payroll Operations (collectively referred to as "Individual Defendants") of Defendant Contractor at the address listed in Paragraph 6.

17.     At all times material, Individual Defendants are responsible for overseeing the collection of all monies payable to Contractor resulting from the work performed by operating engineers employed under such Agreement.

18.     At all times material, Individual Defendants are also responsible for overseeing the submittal of monthly remittance reports and fringe benefit contributions to the Plaintiff Funds.

19.     At all times material, Individual Defendants also had check signing authority and/or the right to make decisions as to what obligations and/or payments of Contractor were to be paid and which ones were not to be paid.

20.     At the time such fringe benefit contributions became due and payable by Contractor to the Plaintiff Funds, such monies became assets of the Plaintiff Funds.

21.     At all times material, Individual Defendants were aware of the obligations of Contractor to timely pay fringe benefits to the Plaintiff Funds.

22.     At all times material, Individual Defendants were aware that Contractor failed to timely pay all required fringe benefits to the Plaintiff Funds.

23.     Nevertheless, Individual Defendants prioritized payment of corporate expenses that personally benefitted them over payment to the Plaintiff Funds.

24.     Based upon the foregoing, Individual Defendants constitute "fiduciaries" under ERISA.

25.     Based upon the foregoing, Individual Defendants violated their duty of loyalty to the beneficiaries of the Plaintiff Funds.

26.     Based upon the foregoing, Individual Defendants also breached their fiduciary duty to the Plaintiff Funds by failing to cause Contractor pay to the Plaintiff Funds such

LIT:630342-1 017020-179649

contributions once they became due and payable, and are therefore personally liable for all fringe benefits and associated interest, liquidated damages, attorneys' fees and legal costs owed by Contractor to the Plaintiff Funds.

27.    The principal contributions owed to the Plaintiff Funds from December 2016 through August 2017 total $636,192.22.  Employer is obligated to submit to the Funds its September 2017 reports with payments by October 30, 2017 and all future reports with payment by the 30th of the month following the month in which the work is performed.  Plaintiff Funds estimate that each such monthly report will total at least $46,500.00.  In addition, interest through October 16, 2017 of $80,836.09 is due and liquidated damages of $5,106.28 are due to Plaintiff Funds for a total deficiency of $722,134.59.  Interest will continue to accrue after October 16, 2017 at the rate of $209.16 per day.

28.    Plaintiff Funds also claim any additional amounts that may be shown to be due as a result of any audits performed by Plaintiff Funds or remittance reports submitted by Contractor to the Plaintiff Funds until the termination of this case.  If employer submits future late reports and/or payments or it is determined by the Funds that additional amounts are owed by Contractor to the Funds, interest will be assessed on the principal amount thereof at 1% per month and of five (5%) percent of the amount due, but not less than fifty dollars ($50.00) or more than one hundred dollars ($100.00) per instance.  In the alternative, Plaintiff Funds reserve the right to assert a claim for such additional amounts due either in this or a separate legal action.

29.    Plaintiff Funds have demanded from Individual Defendants payment of all such amounts due, but such Individual Defendants have neglected and continue to neglect to pay such amounts.

30.    Pursuant to ERISA and the Agreement, Individual Defendants are also obligated to Plaintiff Funds to pay Plaintiff's reasonable attorneys' fees of twenty (20%) percent of the total delinquency.  Such fees and expenses total $144,426.91 through October 16, 2017. Plaintiff Funds also claim attorneys' fees of twenty (20%) percent on any additional amounts

LIT:630342-1 017020-179649

shown to be due to Plaintiff Funds until termination of this case.  In the alternative, the amount of such fees may be determined by the Court.

WHEREFORE, Plaintiff Funds demand that judgment be entered against Defendants William J. Rogers, Richard F. Roscoe, Jr. and Rhonda Roscoe a/k/a Rhonda Stiles in the amount of $866,561.50, plus additional interest from October 16, 2017 at a per diem rate of $209.16, plus legal costs, additional charges and fees.

## COUNT III

**Operating Engineers Local 66, AFL-CIO and Construction Industry Combined Funds, Inc. v. William J. Rogers, Richard F. Roscoe, Jr. and Rhonda Roscoe a/k/a Rhonda Stiles**

### State Common Law Conversion Action

31.     The averments contained in paragraphs 1 through 11 of this Complaint are hereby incorporated by reference herein.  The Court has supplemental jurisdiction of the claim set forth in this Count pursuant to 28 U.S.C. § 1367.

32.     Pursuant to such Agreement, Defendant Contractor withheld monies from its laborers employees' wages for union dues and legislative funds that were required to be remitted to the Plaintiff Funds.

33.     In violation of such Agreement, Defendant Contractor failed to remit such deductions for union dues and legislative funds to the Plaintiff Funds.

34.     At all times relevant to this action, Individual Defendants had the authority and the responsibility to remit such employee wage withholdings to the Plaintiff Funds.

35.     Individual Defendants exercised dominion and control over the employee wage withholdings in the amount of $47,885.44 and authorized and/or permitted such monies to be used to pay other obligations of Defendant Contractor and/or the personal debts of Individual Defendants.  Employer is obligated to submit to the Funds its September 2017 reports with payments by October 30, 2017 and all future reports with payment by the 30th of the month following the month in which the work is performed.  Plaintiff Funds estimate that each such monthly report will total at least $3,500.00.

LIT:630342-1 017020-179649

36.     Based upon the foregoing, Individual Defendants intentionally converted such monies that were rightfully due and payable to the Plaintiff Funds.

37.     Plaintiff Funds are also entitled to receive from Individual Defendants interest through October 16, 2017 on such late payments of $6,084.19, plus additional interest from October 16, 2017 at $15.74 per day.

WHEREFORE, Plaintiff Funds demand entry of a judgment in its favor and against Defendants William J. Rogers, Richard F. Roscoe, Jr. and Rhonda Roscoe a/k/a Rhonda Stiles in the amount of $53,969.63, plus additional interest from October 16, 2017 and costs of suit.

**JURY TRIAL DEMANDED**

TUCKER ARENSBERG, P.C.

By: /s/ Jeffrey J. Leech
       Jeffrey J. Leech
       PA I.D. No. 19814
       Neil J. Gregorio, Esquire
       PA I.D. No. 90859
       1500 One PPG Place
       Pittsburgh, PA 15222
       (412) 566-1212
       Attorneys for Plaintiff
       Operating Engineers Local 66, AFL-CIO and
       Construction Industry Combined Funds, Inc.

LIT:630342-1 017020-179649